# CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

---

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1920

AND

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1921

---

(88 South. 494)

No. 24314.

**STATE ex rel. GREEN et al. v. SHREVEPORT PRODUCING & REFINING CORPORATION et al.**

(May 2, 1921.)

*(Syllabus by Editorial Staff.)*

1. Mandamus ⬅️187(9)—Appeal in mandamus suit presents moot question, where defendants have complied with demand of relators.

Where defendant corporation, sued in mandamus to compel it to transfer on its books certain shares of its capital stock held in escrow by a bank, has complied with the demand pending relators' appeal from judgment dismissing the suit, the appeal presents only a moot question.

2. Mandamus ⬅️187(9)—On appeal in mandamus, court does not regard as evidence documents not offered below.

The Supreme Court does not regard as evidence in a case documents which were not offered in evidence in the court of original jurisdiction, as affidavits offered by defendant appellees in the mandamus suit involved showing that, pending appeal of relators from judgment of dismissal, appellees have complied with relators' demand.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Mandamus suit by the State, on the relation of Samuel Green and others, against the Shreveport Producing & Refining Corporation and others. From a judgment dismissing the suit, relators appeal. Case remanded for determination of the question whether relators' demand has been complied with by defendants pending appeal.

Foster, Looney & Wilkinson, of Shreveport, for appellants.

Barret & Files, of Shreveport, for appellees.

O'NIELL, J. [1, 2] This is a mandamus suit to compel the Shreveport Producing & Refining Corporation to transfer upon its books 2,000 shares of its capital stock, held in escrow by the Commercial National Bank. The suit was dismissed on the ground that the sale of the stock by Samuel Green to the

other relators in this suit was a violation of an agreement on the part of Green not to sell the stock or offer it for sale before the 31st day of December, 1920. The relators, Green and his transferees, appealed from the judgment. The defendants have moved to dismiss the appeal, on the ground that there was no objection on their part to having the stock transferred on or after the 31st day of December, 1920, and that the stock has been transferred since that date. The motion to dismiss the appeal is accompanied by affidavits showing that the stock has been transferred, as requested by appellants, since the 31st of December, 1920. If that be true, the case presents only a moot question. Although we have no reason to doubt the truth of the affidavits, this court does not regard as evidence in a case documents which were not offered in evidence in the court of original jurisdiction. It is therefore deemed proper that the case should be remanded, for a determination of the question whether the demand of the relators has been complied with by the defendants pending the appeal.

It is ordered that this case be remanded to the district court, to hear evidence upon and determine the question whether defendants have complied with the demand of the relators pending the appeal. The question of costs is to await the final judgment.